# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE<br>1899 L Street, N.W., 12th Floor<br>Washington, D.C. 20036<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 13-1074 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("EPA" or "the Agency"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under two FOIA requests seeking certain EPA records relating to compliance with record-keeping laws and related practices by the Agency, and its Assistant Administrator for Air and Radiation Gina McCarthy.

2) These records include certification or acknowledgement of electronic record use and/or record-keeping training, and certain bills for Ms. McCarthy's EPA-issued personal digital assistant or personal data assistant (PDA).

3) Text messaging is used as an alternative medium of communication to electronic mail (email), and texting capabilities are specifically provided to certain officials for the purpose of enabling performance of particular official functions.

4) Plaintiff has repeatedly shown in recent months that use by EPA officials of personal accounts to conduct EPA-related business is widespread.

5) The requested bills, certifications and acknowledgements are "agency records" under federal record-keeping and disclosure laws. They are of significant public interest, especially due to EPA's recurrent failure to produce text message transcripts in response to FOIA and congressional oversight requests, which raises serious questions whether EPA is maintaining these records as required by law.

6) Defendant EPA has provided neither responsive records, nor the substantive response required by statute, to any of these requests sent in April and June of 2013.

7) Plaintiff CEI states on information and belief that Ms. McCarthy regularly used text messaging as an alternative to email for work-related communications, and that a senior Agency official cautioned McCarthy to cease using that function, due to concerns about the propriety of her work-related texts, particularly on days when she testified before either the House or Senate.

8) In response to an earlier FOIA request (not the subject of this lawsuit),[1] EPA stated to Plaintiff on May 31, 2013, that it has "no records" in the form of text messages sent to or from Ms. McCarthy's EPA-issued PDA on the eighteen specified dates relevant to the FOIA requests at issue in this matter.

9) Compelling EPA to respond will provide the required demonstration whether in fact no such records were created, and otherwise shed light on EPA's record-keeping

---

[1] This earlier FOIA request had been assigned identification number HQ-2013-00605 by EPA.

practices and compliance with its legal obligations. Specifically, this will help inform the public about why EPA has failed to produce text message records in response to requests that plainly cover them, by indicating whether EPA has been preserving this class of records as required by law but simply not turning them over, or whether it is failing to preserve (*i.e.,* destroying) them, in violation of law and policy.

10) Since any such text messages reflected on these bills were sent to or from the current nominee to be EPA's new administrator (who was specifically charged by EPA with responsibility for ensuring its Air Office's compliance with applicable record-keeping law and policy), these records are of significant public interest. This is also true regarding whether Ms. McCarthy fulfilled her obligation to maintain and to produce these records, and/or whether she received the required training setting forth applicable policy.

11) Despite the above and in the face of revelations about organized and systemic abuses by senior federal employees to hide from the public their activities, particularly their electronic communications, EPA has failed to provide the required response. Accordingly, Plaintiff files this lawsuit to compel EPA to comply with the law.

## PARTIES

12) Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

13) Defendant EPA is a federal agency headquartered in Washington, D.C. whose stated mission is to "protect human health and the environment."

## JURISDICTION AND VENUE

14) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

15) Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff resides in the District of Columbia, and defendant EPA is a federal agency.

## FURTHER FACTUAL BACKGROUND

16) EPA has not provided any records, or substantive response, to CEI's FOIA requests for certain of Assistant Administration McCarthy's phone bills associated with her EPA-provided PDA, or certifications reflecting she has received training on EPA electronic record use and record-keeping policy. Nor has EPA sought or made the case for more time to respond, or for more information.

17) To date, Defendant EPA has only acknowledged receipt of the requests, informed CEI that its requests are "non-billable" under FOIA, and said it will respond to the requests at some unspecified future time.[2] (Typically, FOIA requests are non-billable when they can be handled in two hours or less. *See* 5 U.S.C. § 552(a)(4)(A)(iv)).

18) Through its determinations that the FOIA requests were non-billable, the EPA effectively conceded that it was able to provide substantive responses to the FOIA request with minimal effort, yet it did not do so.

---

[2] See *infra,* ¶¶ 21-23, 26-30.

4

19) After EPA's response was due it also suggested if CEI narrow the request for phone bills to merely the portions covering text messages the requests it could promptly produce them. CEI agreed to this, but has not received the records.

20) Transparency in government is the subject of high-profile vows by the president and attorney general that FOIA will "be administered with a clear presumption: In the face of doubt, openness prevails" (*See* Attorney General Eric Holder, *OIP Guidance, President Obama's FOIA Memorandum and Attorney General Holder's FOIA Guidelines, Creating a "New Era of Open Government"*, www.justice.gov/oip/foiapost/2009foiapost8.htm; *Memorandum for the Heads of Executive Departments*, www.whitehouse.gov/the_press_office/Freedom_of_Information_Act .)

**Plaintiff's FOIA Request HQ-2013-005618 Seeking Certain Records Documenting Gina McCarthy Electronic Record Use and/or Record-keeping Training**

21) On April 17, 2013, CEI submitted a FOIA Request by electronic mail to hq.foia@epa.gov, as follows (emphases in original):

> 1) We seek any documentation in EPA's possession that training on EPA information technology (IT) systems was provided to and/or completed by Assistant Administrator for Air and Radiation Gina McCarthy. These would including but not be limited to, e.g. a certificate of completion of and/or signed acknowledgement of receiving training on, e.g., Oracle Collaboration Suite, IBM Sametime, Skillport, or other IT training.
>
> 2) We seek any documentation in EPA's possession that Ms. McCarthy had or has IM [Instant Messaging] client software installed on her computer(s)/workstation(s).
>
> 3) We seek any documentation in EPA's possession that Ms. McCarthy is or was a registered user of any EPA IM system(s)/network(s) or system(s)/network(s) that include or provide IM.

22) EPA has assigned this FOIA request identification number EPA-HQ-2013-005618.

23) In a letter dated April 19, 2013, EPA stated in pertinent part: "The cost associated with processing your request does not reach the billable amount. Accordingly, there is no charge associated with processing your request."

24) CEI has received no other response to this request.

25) EPA's substantive response to this request was due on or before May 15, 2013.

## Plaintiff's FOIA Request HQ-2013-006937 Seeking Certain Bills for McCarthy's EPA-issued PDA

26) On June 3, 2013, CEI submitted a FOIA Request by electronic mail to hq.foia@epa.gov, seeking (footnoted authorities in original):

> copies of all invoices or bills associated with the mobile telephone(s) and/or other personal data assistant(s) or personal digital assistant(s) (PDAs) provided by EPA for the use of Assistant Administrator for Air and Radiation Gina McCarthy -- which devices EPA informs employees are in fact covered by FOIA,[3] the Air Office's compliance with which record-keeping law and policy EPA assigns specifically to Gina McCarthy[4] -- covering the three-year period from July 1, 2009 through June 30, 2012.

27) EPA assigned this FOIA request identification number EPA-HQ-2013-006937, in a letter dated June 13, 2013.

28) In that same letter, EPA stated in pertinent part, "The Office of the Administrator (OA) will be responding to your request, your request did not reach the minimum billable amount. Accordingly, there is no charge associated with processing your request."

---

[3] Frequent Questions about Mobile and Portable Devices, and Records, http://www.epa.gov/records/faqs/pda.htm.

[4] "Assistant Administrators, Chief Financial Officer, General Counsel, Inspector General, Regional Administrators, and Laboratory/Center/Office Directors are responsible for: ...Implementing a records management program within their area of responsibility to accomplish the objectives identified in federal regulations and EPA policies and procedures."
Records Management, www.epa.gov/records/policy/2155/rm_policy_cio_2155_1_2.pdf.

29) On July 3, 2013, EPA emailed a letter stating in pertinent part, about the requested phone/PDA bills:

> Our search has found that the bills EPA receives are in two distinct parts -- one for phone calls and another for texting...Since the issue you raise in your letter is focused on text messages, we are unsure whether you want the phone call portion of the bill in addition to the text message portion of the bill The phone call portion of the bill is much larger and more detailed than the text message portions of the bill, and it may take considerable time to review and identify any releasable portions of the phone call portion of the bill. The text message portion of the bill does not raise the same concerns. Please let us know how you would like us to proceed.

30) CEI responded by email the same day stating, *in toto*:

> Per the letter you attached in the below email, we accept EPA's response and production limited to any portions of the requested bills providing information reflecting text messaging activity.
>
> Please note that EPA's time to provide a substantive response under FOIA, as reaffirmed by e.g. the DC Circuit's April opinion in *CREW v. FEC*, has passed. We are within our rights to sue now to compel production, remind EPA of our intention to protect and pursue all appellate rights none of which we waive or derogate by this reply, and look forward to the required response.

31) CEI has not received any further response.

32) EPA's substantive response to this request was due on or before July 2, 2013.

## LEGAL ARGUMENTS
### Bills for EPA-issued PDAs are "Agency Records" Under Federal Record-Keeping and Disclosure Laws, and EPA's Implementing Policies

33) EPA provides certain employees, including Ms. McCarthy, with PDAs for official or otherwise work-related internal or external communications, and text messaging capability as an alternative option to email.

34) Text messaging correspondence are agency records and must be maintained and produced as such. *See*, *e.g.*, National Archives, *Frequently Asked Questions About Instant Messaging*, http://www.archives.gov/records-mgmt/initiatives/im-faq.html

7

(Instant Messaging (IM) content can "qualify as a Federal Record," since IM "allows users" to "exchange text messages," which are "machine readable materials" and thus within the "statutory definition of records"); *Frequent Questions about E-Mail and Records*, http://www.epa.gov/records/faqs/email.htm; *Frequent Questions about Mobile and Portable Devices, and Records*, www.epa.gov/records/faqs/pda.htm; *Memo to All Staff, "Transparency at EPA,"* by Acting Administrator Bob Perciasepe, dated April 8, 2013 ("the Inspector General currently is conducting an audit of the agency's records management practices and procedures. We have suggested they place focus on electronic records including email and instant messaging. While we have made progress in these areas, we are committed to addressing any concerns or weaknesses that are identified in this audit . . . to strengthen our records management system").[5]

35) Bills for EPA-assigned, taxpayer-funded equipment used by EPA employees for the conduct of official business are also agency records and thus subject to FOIA.

### Defendant EPA Owed and Has Failed to Provide Plaintiff a Meaningful, Productive Response to its Request

36) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, affirming the agency is processing the request and intends to comply. It must rise to the level of indicating "that the agency is exercising due diligence in responding to the request...Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to

---

[5] *See also* April 11, 2008 memorandum from John B. Ellis, EPA, to Paul Wester, National Archives and Records Administration, at 4 (reporting discovery of record-keeping problems); *and Records and ECMS Briefing, EPA Incoming Political Appointees 2009*, http://www.epw.senate.gov/public/index.cfm?FuseAction=Files.View&FileStore_id=60afa4b3-3e5d-4e6f-b81e-64998f0d3c67.

such person making such request." (5 U.S.C. § 552(a)(6)(C)(i)). Alternatively, the agency must cite "exceptional circumstances" and request, and make the case for, an extension that is necessary and proper to the specific request. *See, e.g., Buc v. FDA*, 762 F.Supp.2d 62, 67-73 (D.D.C. 2011).

37) EPA regulations state, *inter alia*, "(a) Unless the Agency and the requester have agreed otherwise, or when unusual circumstances exist as provided in paragraph (e) of this section, EPA offices will respond to requests no later than 20 working days from the date the request is received and logged in by the appropriate FOI Office. EPA will ordinarily respond to requests in the order in which they were received. If EPA fails to respond to your request within the 20 working day period, or any authorized extension of time, you may seek judicial review to obtain the records without first making an administrative appeal." 40 C.F.R. § 2.104.

38) Within 20 working days EPA must at least have informed the requesting party of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. *See Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013)("CREW"). That information should include an estimated schedule for completion of the production. *See* 5 U.S.C. § 552(a)(6)(A)(i); *Muttitt v. U.S. Central Command*, 813 F. Supp. 2d 221, 227 (D.D.C. 2011) (addressing "the statutory requirement that [agencies] provide estimated dates of completion").

39) FOIA specifically requires EPA to have, by this time, provided CEI with particularized and substantive determinations, including its reasoning, as well as notice of CEI's right to appeal. *See CREW*, 711 F.3d at 186.

40) EPA owed CEI substantive responses to its requests on or before May 15, 2013 (EPA-HQ-2013-005618), and July 2, 2013 (EPA-HQ-2013-006937).

41)  After acknowledging CEI's requests, EPA did not substantively respond, or order production of responsive records, or indicate that a certain quantity of records was being reviewed with an eye toward production on some estimated schedule. Nor has it sought and made its case(s) for an extension of time to respond to the request as required when "exceptional circumstances" exist.

**Having Failed to Properly Respond to Plaintiff's Requests, Defendant EPA Owes Plaintiff Responsive Records**

42) In short, EPA has provided no responsive records or substantive responses to CEI. Due to this failure to substantively respond to CEI's requests, CEI need not administratively appeal, but instead may seek relief from this Court, under well-established precedent.

43) Thus, EPA is now legally required to provide CEI records responsive to its requests.

**FIRST CLAIM FOR RELIEF**
**Duty to Release Certain Described Records (EPA-HQ-2013-005618 and EPA-HQ-2013-006937) -- Declaratory Judgment**

44) Plaintiff re-alleges paragraphs 1-43 as if fully set out herein.

45) FOIA requires all doubts to be resolved in favor of disclosure. It allows the citizenry to learn "what their government is up to." *NRA v. Favish* 541 U.S. 157, 171 (quoting *U.S. Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989)). The act is designed to "pierce the veil of administrative

secrecy and to open agency action to the light of scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352 (1976). It is a transparency-forcing law, consistent with "the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *Id.*

46) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

47) Plaintiff has a statutory right to the information it seeks.

48) Defendant failed to provide Plaintiff responsive records or any substantive response.

49) Plaintiff has exhausted its administrative remedies.

50) Plaintiff asks this Court to enter a judgment declaring that

   i. EPA certification or acknowledgement of electronic record use and/or record-keeping training, and phone or PDA bills as specifically described in Plaintiff's requests EPA-HQ-2013-005618 and EPA-HQ-2013-006937, and any attachments thereto, are public records, and as such, are subject to release under FOIA;
   ii. EPA must release those requested records;
   iii. EPA's denial of Plaintiff's FOIA request seeking the described records is not reasonable, and does not satisfy EPA's obligations under FOIA; and
   iv. EPA's refusal to produce the requested records is unlawful.

## SECOND CLAIM FOR RELIEF
**Release of Certain Described Records Duty to Release Certain Described Records (EPA-HQ-2013-005618 and EPA-HQ-2013-006937) -- Injunctive Relief**

51) Plaintiff re-alleges paragraphs 1-50 as if fully set out herein.

52) Plaintiff is entitled to injunctive relief compelling Defendant to produce all records in its possession responsive to Plaintiff's FOIA request.

53) This Court should enter an injunction ordering the Defendant to produce to Plaintiff within 10 business days of the date of the order, the requested certification or acknowledgement of electronic record use and/or record-keeping training, phone or PDA bills records described in Plaintiff's requests EPA-HQ-2013-005618 and EPA-HQ-2013-006937, and any attachments thereto.

11

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

54) Plaintiff re-alleges paragraphs 1-53 as if fully set out herein.

55) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

56) This Court should enter an injunction ordering the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

57) Plaintiff has a statutory right to the records that it seeks, Defendant has not fulfilled its statutory obligations to provide the records or a substantive response, and there is no legal basis for withholding the records.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 15th day of July, 2013,

Christopher C. Horner
D.C. Bar No. 440107
1899 L Street, NW, 12th Floor
Washington, D.C. 20036
(202) 262-4458
chris.horner@cei.org

Hans Bader, D.C. Bar No. 466545
Sam Kazman, D.C. Bar No. 946376
Competitive Enterprise Institute
1899 L St., N.W., 12th Floor
Washington, D.C. 20036
(202) 331-2278, hbader@cei.org
Attorneys for Plaintiff